CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILEMON HUNTER, ) | |
|     Plaintiff, ) | Civil Action No. 7:08cv00212 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHRISTOPHER WEBB, <u>et al.</u>, ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

Plaintiff Philemon Hunter filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate in the Lynchburg Adult Detention Center ("LADC") in Lynchburg, Virginia, alleges that defendants violated his constitutional rights by failing to protect him from the actions of another inmate; the other inmate, who was housed in a separate cell, caused flooding in the building where plaintiff was housed, which allegedly led to plaintiff suffering a fall. Plaintiff seeks unspecified damages.[1] Upon review of the record, the court concludes that the plaintiff has not stated a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2,3]

---

[1] Plaintiff requests "[m]onetary damages for past and future pain and suffering from the fall."

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] Plaintiff is advised that 42 U.S.C. § 1997e(a) requires exhaustion of all available administrative remedies as a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See <u>Dixon v. Page</u>, 291 F.3d 485 (7th Cir. 2002), citing <u>Perez v. Wisconsin Dep't of Corrections</u>, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). Plaintiff's complaint was submitted on a form for inmates to use in filing a complaint pursuant to 42 U.S.C. § 1983; the court provides this form, which includes a statement verifying the exhaustion of administrative remedies, to inmates upon request. Although plaintiff states in his complaint that he has filed grievances regarding the facts alleged in his complaint, he did not include the verified statement or any other evidence of exhaustion. Regardless, the court need not determine whether he has properly exhausted all available administrative remedies because it is clear that his complaint fails to state a claim upon which relief may be granted.

## I. Facts and Contentions.[4]

Plaintiff states that, on January 16, 2008, "while [he was] recreating in [the] I-dorm at [LADC,] he slipped and lost his footing in the flood of water" that was released when another inmate caused a toilet to back up. Plaintiff states that "[d]efendants should be held liable" because they failed "to protect his safety which," according to plaintiff, "is a basic human need the objective element needing to demonstrate cause for his Eighth Amendment claim." Plaintiff adds that "[d]efendant's [sic] knew of an [sic] substantial risk by housing Inmate Nymar Thomas in a cell where he could control his own plumbing because on prior dates he's flooded dorms by means of flooding toilets causing flood [sic] in dorm" and that "the Jail Authorities has [sic] certain cells equipped to house inmates who mis-uses [sic] plumbing devices alike [sic] as this Inmate Nymar Thomas did. . . ." Plaintiff acknowledges that "the Defendant may not have had actual-knowledge [sic] of this incident," but states that "in fact the Defendant(s) [sic] had constructive knowledge" because of "Inmate Thomas['s] bad acts in [the] past." According to plaintiff, defendants' failed to use "their better judgement [sic]" in "housing the Inmate appropriately," which led to plaintiff being "injured" and suffering "chronic back and neck pains from the fall in the water on the hard concrete floor." Plaintiff states that he "was treated at the Emergency Room [on the] same day."

Plaintiff states that, because he is in "protective custody housing status," he is "supposed to be protected from Inmates assaultive behavior by any means." In his view, defendants "breached their duties by not using the appropriate housing location for the Inmate who caused this incident," and this breach violated his "fundamental constitutional right [to] be protected and live in an [sic] safe, secure, [sic] living environment. . . ." Plaintiff adds that "it's defendants [sic] responsibilites [sic] to provide such" and that "[i]t's totally against the Constitution to put [plaintiff] in any situation where his safety

---

[4] The facts have been adduced from plaintiff's complaint.

2

may be at risk presently or in future." Plaintiff contends that, because of this alleged breach of his rights, he should be "rewarded for his injuries."

## II. STANDARD OF REVIEW

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

## III. ANALYSIS

Plaintiff alleges that his civil rights were violated by defendants' alleged failure to protect him from the possibility that another inmate might attempt to wreak havoc by stopping up a functional commode. In order to raise an Eighth Amendment claim for failure to protect, an inmate must show that prison officials were deliberately indifferent to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish deliberate indifference, plaintiff must show that

3

prison officials knew of and disregarded an excessive risk of harm; mere negligence as to his safety is insufficient. Id. at 838; Estelle v. Gamble, 492 U.S. 97, 104 (1976). Plaintiff's conclusory allegations do not show that defendants were deliberately indifferent to his safety at all, much less that they were deliberately indifferent to an excessive risk of harm.

Moreover, construing plaintiff's complaint liberally, he alleges that conditions are unconstitutional because living with the possibility that another inmate might wreak havoc with the plumbing violates the Eighth Amendment's prohibition against cruel and unusual punishments. While the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Here, plaintiff fails to satisfy the subjective element of a conditions claim, which requires that a plaintiff must show that the defendant officials acted with deliberate indifference toward the risk of harm. Farmer, 511 U.S. at 835; Taylor v. Freeman, 34 F.3d 266, 271 (4th Cir. 1994). To prove deliberate indifference by an official, a plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed and that he actually drew that inference. Id. at 837. Then, the plaintiff must show that the official disregarded the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832.

Having reviewed the allegations, the court concludes that plaintiff has failed to allege facts

4

sufficient to survive the court's <u>sua sponte</u> review. Plaintiff fails to allege any facts illustrating that defendants were or should have been aware of any actual, serious risk to plaintiff arising out of the mere possibility of another inmate's caprice should he be placed in a cell with a working toilet.[5, 6]

Plaintiff has not alleged conditions that amount to a failure to protect or to cruel and unusual punishment and, therefore, fails to state a claim under the Eighth Amendment. Accordingly, plaintiff's claims will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[7]

---

[5] To satisfy the objective element of an Eighth Amendment conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997), <u>Strickler v. Waters</u>, 989 F.2d 1375, 1380-81 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993). Although the court will dismiss the instant complaint on plaintiff's failure to meet the subjective element of an Eighth Amendment claim, the court notes that plaintiff likely fails to meet the objective requirement. See, e.g., <u>Henderson v. Sheahan</u>, 196 F.3d 839, 846 (7th Cir. 1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the plaintiff stated that his exposure to environmental tobacco smoke resulted in breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy); <u>Oliver v. Deen</u>, 77 F.3d 156, 160 (7th Cir. 1996) (finding that evidence of "considerable" medical treatment for asthma related concerns following exposure to smoke did not establish constitutionally significant injury); <u>Alexander v. Tippah County, Miss.</u>, 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was <u>de minimis</u>). In short, it appears that plaintiff has not stated a claim that "'the actual conditions of confinement . . . [at LACD] are cruel and unusual.'" <u>Shrader v. White</u>, 761 F.2d 975, 986 (4th Cir. 1985) (holding that the risk of harm by fire or smoke did not constitute cruel and unusual punishment) (citation omitted).

[6] Plaintiff's complaint suggests that he believes the LADC's policies regarding the placement of inmates in cells with working toilets is susceptible to constitutional challenge. The court adds that functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. <u>Gaston v. Taylor</u>, 946 F.2d 340, 343 (4th Cir.1991). Plaintiff has not demonstrated that LADC's policies regarding the placement of inmates in cells with working toilets imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Accordingly, plaintiff has failed to state a claim under the Eighth Amendment because he has not shown that defendants' policies regarding the placement of inmates in cells with working toilets demonstrate deliberate indifference to any substantial risk of serious harm. <u>Farmer</u>, 511 U.S at 833. Nor has he alleged facts sufficient to show a serious or significant mental or physical injury or an unreasonable risk of serious damage to his future health as a result of LADC's policies regarding the placement of inmates in cells with working toilets. <u>Strickler</u>, 989 F.2d at 1380-1381.

[7] The court notes that plaintiff may be a pre-trial detainee at LADC, or may have been a pre-trial detainee at the time during which the pertinent events are alleged to have occurred, and that the claims of a state pre-trial

5

## IV. CONCLUSION

Based on the foregoing, the court finds that plaintiff has not presented any claims that constitute a violation of his constitutional rights. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[8]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 12th day of March, 2008.

_____
United States District Judge

---

detainee should be evaluated under the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs). Conditions of confinement cannot be considered punishment so long as they are rationally connected to a legitimate, nonpunitive penological purpose and are not excessive in relation to that purpose. Bell, 441 U.S. at 535-538. Accordingly, in evaluating the constitutionality of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. As the court has explained in the foregoing analysis, plaintiff's constitutional rights have not been violated.

To the extent plaintiff's complaint could be construed to state a claim under state negligence laws, such a claim is not colorable under § 1983. Estelle, 429 U.S. at 105-106. To the extent plaintiff believes he has an actionable claim against the defendants under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c)(3), which provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."

[8] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes a "strike" under §1915(g).

Plaintiff is further advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).